IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| SKYLARE WREN SALAZAR,<br><br>   Plaintiff,<br><br>v.<br><br>NANCY BERRYHILL,<br>Acting Commissioner of Social Security,<br><br>   Defendant. | MEMORANDUM DECISION<br><br>Case No. 1:16-cv-00136- DBP<br><br>Magistrate Judge Dustin B. Pead |

   The parties consented to this court's jurisdiction under 28 U.S.C. 636(c). (ECF No. 12). Currently pending before the court is Plaintiff Skylare Wren Salazar's ("Plaintiff") appeal of the Commissioner of Social Security's ("Commissioner") decision denying Plaintiff's claim for Disability Insurance Benefits and Supplemental Security Income. 42 U.S.C. §§ 401–33. Plaintiff filed his opening brief. (ECF No. 15). The Commissioner filed her opposition brief. (ECF No. 16). Plaintiff did not file any reply and the deadline for doing so has now passed. (*See* ECF No. 14). The parties did not request oral argument. Having considered the parties' briefs, the administrative record, and the relevant law, this court **AFFIRMS** the Commissioner's decision.

  I.  **PROCEDURAL HISTORY**

   Plaintiff filed an application for benefits on August 27, 2009, alleging an onset date of February 8, 2009. (Tr. 133–36). The application was denied initially on January 26, 2010, and upon reconsideration on February 10, 2010. (Tr. 66–71). In 2011 Administrative Law Judge Donald R. Jensen denied Plaintiff's application, but that decision was subsequently appealed to the District of Utah and then remanded to the Commissioner. (Tr. 12–23, 587–96). On July 27,

2015, ALJ Jensen issued another decision finding Plaintiff not disabled. (Tr. 509–22). Plaintiff appealed this second denial to Social Security's Appeals Council. (Tr. 680–81). The Appeals Council declined to exercise jurisdiction. (Tr. 496–99). Plaintiff then filed the present suit.

## II. FACTUAL BACKGROUND

Plaintiff was born in 1985. (Tr. 133). Plaintiff completed high school. (Tr. 521). Plaintiff has past work experience as a hand packager. (Tr. 171, 520). Plaintiff claims he became disabled in February 2009, due to depression, bipolar disorder, and "comprehension inability." (Tr. 170). Plaintiff has a history of mental health treatment dating back to 2004. (*See* Tr. 238–65).

## III. STATEMENT OF RELEVANT LAW

### A. Definition of Disability Under the Act

The Act states that an individual is disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 423(d)(2)(A). The disabling impairment must last, or be expected to last, for at least twelve consecutive months. *Id.*; *Barnhart v. Walton*, 535 U.S. 212, 214–15 (2002).

### B. Process for Determining Disability Under the Act

To determine whether a claimant is disabled, Social Security regulations set forth a five-step sequential evaluation process. The adjudicator considers whether a claimant: (1) engaged in substantial gainful activity during the alleged disability period, (2) had a severe impairment, (3) had a condition that met or medically equaled the severity of a listed impairment, (4) could return to his past relevant work, and if not (5) could perform other work in the national economy. 20 C.F.R. § 404.1520(a)(4). If a decision regarding the claimant's

disability can be reached at any step in the sequential evaluation process, further evaluation is unnecessary. *Id*.

### C. Standard of Review

A district court reviews the Commissioner's decision to determine whether substantial evidence in the record as a whole supports the factual findings, and whether the correct legal standards were applied. *Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. The court may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). Where the evidence as a whole can support the agency's decision or an award of benefits, the court must affirm the agency's decision. *Ellison v. Sullivan*, 929 F.2d 534, 536 (10th Cir. 1990).

## IV. THE ALJ'S DECISION

At step one, the ALJ found that Plaintiff had not been engaged in substantial gainful activity since the alleged onset date, February 8, 2009. (Tr. 511.) At step two, the ALJ found that Plaintiff suffered from five severe impairments: bipolar disorder; generalized anxiety disorder; panic disorder; dysthymic disorder; and borderline IQ. (*Id.*) At step three, the ALJ found Plaintiff did not meet any listed impairment. (Tr. 512.) At step four, the ALJ found Plaintiff incapable of performing his past relevant work as a hand packager. (Tr. 520.) The ALJ found at step five that Plaintiff could make an adjustment to perform jobs that exist in significant numbers in the national economy. (Tr. at 521.)

## V. DISCUSSION

Plaintiff raises a single alleged error on appeal. Plaintiff contends the Appeals Council should have remanded this case to the ALJ based on Social Security Ruling 16-3p issued on

March 16, 2016. (ECF No. 15 at 2). The ruling was issued approximately eight months after the ALJ's decision, but four months prior to the Appeals Council's decision declining to review the ALJ's decision. (*Id.* at 2–3). Plaintiff contends the ALJ's analysis of certain lay-witness statements is flawed under SSR 16-3p. (*Id.* at 4–6). The lay witnesses at issue are Plaintiff's parents and two former employers. (*See id.*)

The Commissioner argues the ALJ's decision should be affirmed because SSR 16-3p does not govern this case. The Commissioner notes that SSR 16-3p was issued after the ALJ decided this case and contends the Ruling does not apply retroactively. (ECF No. 16 at 6–7). The Commissioner suggests the ALJ's decision comports with SSR 16-3p's predecessor, SSR 96-7p. (*Id.* at 7). Next, she argues in the alternative that neither SSR 16-3p nor its predecessor applies to the ALJ's analysis of lay witness testimony because SSR 06-3p governs review of lay witness testimony. (*Id.*)

      **a. The Commissioner's decision will be affirmed because Plaintiff has not identified any reversible error.**

Plaintiff does not show the ALJ applied the incorrect standard or otherwise committed reversible error because SSR 16-3p applies only prospectively. Additionally, Plaintiff has not shown the ALJ misapplied any applicable standard.

      1. *SSR 16-3p does not apply because that Ruling applies only prospectively beginning on March 28, 2016*

The court finds SSR 16-3p does not apply retroactively to the ALJ's decision and Plaintiff does not suggest the ALJ failed to comply with SSR 96-7p. "Retroactivity is not favored in the law." *Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208 (1988). Accordingly, "congressional enactments and administrative rules will not be construed to have retroactive effect unless their language requires this result." *Id.*; *see also De Niz Robles v. Lynch*, 803 F.3d 1165, 1173 (10th Cir. 2015) (noting that certain administrative adjudicatory proceedings likewise

enjoy a presumption against retroactivity). The Commissioner notes that SSR 16-3p's language expressly indicates the Ruling has only prospective effect because the Ruling, issued March 16, 2016, indicated that it did not go into effect until nearly two weeks later on March 28, 2016. (*See* ECF No. 16 at 10) (citing 2016 WL 1237954). Plaintiff offers no contrary rule or argument. Instead, he simply presumes SSR 16-3p has retroactive effect. Plaintiff provides no legal support for this assumption. Likewise, Plaintiff did not submit any reply brief. Accordingly, the court has before it only the uncontested argument of the Commissioner and the authorities cited in her brief. Based on that record, the court concludes the Commissioner is correct; SSR 16-3p should not be applied retroactively because the Ruling expressly indicates an effective date that falls nearly two weeks after its date of issue.

Also, the Commissioner contends the ALJ's analysis met the strictures of SSR 16-3p's predecessor, SSR 96-7p. (*See* ECF No. 16 at 10–11). As the Commissioner points out, the ALJ complied with SSR 96-7p because he provided adequate reasons, supported by the record, for discounting Plaintiff's complaints.[1] (*Id.*) (citing Tr. 514–517). These reasons were all related to Plaintiff's treatment history and daily activities. This analysis comports with SSR 96-7p. (*See id.*) (citing *Kelley v. Chater*, 62 F.3d 335, 338 (10th Cir. 1995)). Plaintiff does not contend otherwise. In fact, Plaintiff does not appear to mention the ALJ's treatment of Plaintiff's complaints regarding symptoms. Instead, Plaintiff's argument centers on the ALJ's analysis of certain lay opinions, addressed below. Accordingly, the ALJ's decision will be affirmed because Plaintiff has not identified any reversible error.

---

[1] Likewise, the Commissioner notes that the underlying regulation that both SSR 16-3p and 96-7p interpret, 20 C.F.R. § 404.1529, remains unchanged and the ALJ's analysis comports with even SSR 16-3p. (*See* ECF No. 16 at 10). The court finds it need not reach this argument.

2. *SSR 06-3p, rather than 16-3p or even 96-7p, governs analysis of lay witness testimony*

Alternatively, the ALJ's decision will be affirmed because he properly complied with SSR 06-3p, which governs analysis of non-medical opinion evidence. The commissioner correctly asserts that SSR 06-3p sets forth the standard for evaluating opinions from non-medical sources, not SSR 16-3p or even SSR 96-7p, which both address how an ALJ will address certain statements made by a claimant. *Compare* SSR 06-3p, 2006 WL 2329939 at *1 ("clarify[ing] how [the Commissioner] consider[s] opinions from sources who are not 'acceptable medical sources'" including "relatives . . . and employers."); *with* SSR 16-3p, 2016 WL 1119029 at *1–2 ("provid[ing] guidance about how we evaluate statements regarding . . . symptoms" and "defin[ing] a symptom as the individual's own description or statement of his or her physical or mental impairment(s)"); *and* SSR 96-7p, 1996 WL 374186 (same). SSR 06-3p provides that, when considering opinions from non-medical sources, the ALJ may "consider such factors as the nature and extent of the relationship, whether the evidence is consistent with other evidence, and any other factors that tend to support or refute the evidence." *Id.* at *6.

Here, the ALJ expressly considered the opinions from Plaintiff's parents and two of his former employers. (*See* Tr. 520). The ALJ noted that Plaintiff's parents lacked medical expertise and harbored a natural bias in favor of their son. (*See id.*) The ALJ also noted that Plaintiff's father lived with Plaintiff and therefore stood to gain financially from an award of benefits. (*See id.*) The ALJ properly considered the relationship between Plaintiff and his parents because SSR 06-3p expressly permits an ALJ to consider the nature and extent of a claimant's relationship with lay witnesses. *See* 2006 WL 2329939 at *6. The discussion of Plaintiff's parents' lack of medical background identifies whether they are a medical or non-medical source. Further, the consideration easily fits within the parameters of "any other factor" that may tend to support the

evidence. *See* 2006 WL 2329939 at *6. Plaintiff's parents' medical knowledge–or lack thereof–could provide support for their opinions or detract from them.

Next, the ALJ discounted Plaintiff's former employers' opinions because those employers discussed Plaintiff's ability to perform jobs the ALJ found to be beyond Plaintiff's ability based on his RFC. (Tr. 520). This fits within the category of "any other factor" tending to support the evidence. When considering these opinions, the ALJ correctly considered the jobs to which they relate. Simple logic supports the ALJ's decision because Plaintiff's ability or inability to perform a job that is too difficult based on the Plaintiff's RFC offers limited information about Plaintiff's ability to perform less-demanding jobs. Plaintiff does not argue the ALJ improperly considered these factors or otherwise failed to comply with the standard governing analysis of lay-witness opinions. Thus, the court finds the ALJ did not err in his analysis of the non-medical opinion evidence under the governing standard, SSR 06-3p.

## VI. ORDER

Based on the forgoing, the court **AFFIRMS** the Commissioner's decision.

Dated this 22nd day of February 2018.

_____
Dustin B. Pead
United States Magistrate Judge